### GLASS, INFANT, Etc., et al. *v.* BAIR

[No. 137, September Term, 1963.]

*Decided December 16, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Charles O. Fisher,* with whom were *Walsh & Fisher* on the brief, for appellants.

*Stanford Hoff,* with whom were *Sponseller & Hoff* and *Fanseen & Fanseen* on the brief, for appellee.

PER CURIAM.

These tort actions are the result of an automobile leaving a highway without any apparent cause and crashing into a tree. The infant plaintiff and his twin brother, who was not injured, were passengers in the automobile owned and operated by the infant defendant. The appeal is from the judgment for costs entered on the motion of the defendant-appellee for a directed verdict at the conclusion of the plaintiff-appellants' case.

The three boys were on their way from Sykesville in Carroll County, by way of Holafield Road in Howard County, to Gwynn Oak Park in Baltimore City, on a dark and rainy night in August of 1959 when the accident happened. The highway, a twenty-foot macadam road with dirt or gravel shoulders, was wet and "comparatively smooth." The accident occurred on the second bend of an S-curve on a "sharp down grade." The automobile was traveling at a speed of from twenty-five to thirty miles per hour. The automobile skidded slightly on the first bend and when it was half way around the second bend it skidded off the paved surface of the highway into the tree about ten feet from the right side thereof, leaving a skid mark of about twenty-five feet in length along the right shoulder.

There was no evidence that the automobile was exceeding the maximum safe speed limit. Nor was there any evidence of any other act of negligence which could have caused the ac-

cident. Under these circumstances, the mere skidding of the automobile on the slippery highway in and of itself would not warrant an inference of negligence, and the doctrine of *res ipsa loquitur* is therefore not applicable. We think the rationale of *Christ v. Wempe,* 219 Md. 627, is controlling here, and that the case is not distinguishable on the facts from the case at bar.

*Judgment affirmed; the appellants to pay the costs.*